# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

## No. 97-30485
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JIMMY NIXON,

                                        Defendant-Appellant.

_____

### Appeal from the United States District Court
### for the Middle District of Louisiana
### (96-CR-105-B)
_____

February 7, 2000

Before GARWOOD, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

    In this direct criminal appeal, Defendant-Appellant Jimmy
Nixon contests his conviction by a jury on six counts of mail fraud
in violation of 18 U.S.C. § 1341; eight counts of wire fraud in
violation of 18 U.S.C. § 1341; eleven counts of two different types
of money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i)
and (B)(i); and four counts of illegal monetary transactions in
violation of 18 U.S.C. § 1957(a).  All counts related to a scheme
in which Nixon fraudulently obtained funds from persons seeking
large loans through him which he had no intention of providing.  On

_____

        [*]Pursuant to 5th Cir. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

appeal Nixon insists that the district court committed reversible error in refusing to hold a hearing after he was convicted but before sentencing to determine whether he was mentally competent to stand trial; and that the evidence was insufficient to sustain his money laundering convictions for both promotion money laundering under subsection (A)(i) and concealment money laundering under subsection (B)(i) of 18 U.S.C. § 1956(a)(1).

We have now reviewed the relevant facts as contained in the record on appeal and have considered the applicable law as set forth in appellate briefs of counsel and in their oral argument to the court. As a result, we are firmly convinced that the district court did not abuse its discretion in refusing to order a competency hearing <u>sua</u> <u>sponte</u>; and that the evidence presented to the jury is more than sufficient to support all counts on which Nixon was convicted, particularly when considered in light of the plain error standard of review which applies under the circumstances of this case. We therefore affirm Nixon's conviction on all counts.

AFFIRMED.